Judge: Christopher M. Alston
Chapter: 13
Hearing Date: August 16, 2018
Hearing Time: 9:30 am
Hearing Location: Judge Alston's Courtroom
700 Stewart St #7206
Seattle, WA 98101-8101

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

MICHAEL LEE TRUJILLO,

Debtor.

IN CHAPTER 13 PROCEEDING
NO. 18-12178

TRUSTEE'S OBJECTION TO CONFIRMATION

The Trustee objects to confirmation of the debtor's plan, filed June 15, 2018 (ECF No. 10) as follows:

The debtor has failed to make plan payments and is delinquent $3,028.00.

The debtor's case was filed on May 31, 2018 (ECF No. 1). 1) The above delinquency includes the July 2018 plan payment, which was due by July 31, 2018. The debtor is delinquent on plan payments, but a wage deduction is now in effect. Provided that the debtor does not become any further delinquent on his plan payments, this may not be an issue. 2) The debtor's plan (ECF No. 10) is underfunded and not feasible. 3) The debtor's plan provides for a plan payment of $3,028.00/month for 8 months, then $2,634.00/month for 52 months. The debtor needs to amend the plan to remove the "for 52 month" language from Section III.A. In addition, the debtor needs to amend the plan to remove the plan payment reduction of $2,634.00/month from Section III.A. The debtor has not established a basis for this plan payment reduction, and it should be removed from the debtor's plan. 4) Section I.B. of the plan provides that the plan limits the amount of a secured claim based on a valuation of the collateral for the claim, but that is incorrect. Moreover, even if the debtor intended to limit the amount of a secured claim through the plan confirmation process, the debtor did not comply with Local Bankruptcy Rule 3015-1(f) (Request for Valuation of a Security Interest and Modification of a Secured Claim in a Plan under 11 U.S.C. § 506). The debtor needs to amend Section I.B. of the plan to provide that the plan does not limit the amount of a secured claim. 5) Section I.C. of the

TRUSTEE'S OBJECTION TO CONFIRMATION - 0

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

CM161
ams

Case 18-12178-CMA    Doc 16    Filed 08/03/18    Ent. 08/03/18 15:53:56    Pg. 1 of 3

plan provides that the plan avoids a security interest or lien, but that is incorrect. Moreover, even if the debtor intended to avoid a security interest or lien through the plan confirmation process, the debtor did not comply with Local Bankruptcy Rule 3015-1(g) (Request to Avoid a Judicial Lien or Security Interest in a Plan under 11 U.S.C. § 522(f)). The debtor needs to amend Section I.C. of the plan to provide that the plan does not avoid a security interest or lien. 6) Based on the debtor's testimony, the debtor was not current on the property taxes for the real property located at 32010 116th Avenue SE, Auburn, WA 98092 at the time of filing. Based on the claim filed by Wilmington Savings Fund Society, FSB (ECF Claim No. 3, as amended on 7/18/18), it appears that the mortgage lender paid the back owed property taxes through the first half of 2018. The debtor needs to amend the plan to pay the ongoing property taxes through the plan (i.e. the Trustee shall make the property tax payments from the debtor's plan payments). Local Bankr. R. 3015-1(j). 7) Based on the pre-petition mortgage delinquency referenced in the claim filed by Wilmington Savings Fund Society, FSB (ECF Claim No. 3, as amended on 7/18/18), the debtor needs to increase the periodic payment for the mortgage arrears in Section IV.C.1. to approximately $1,474.00/month. 8) The debtor's plan provides for a $0.00/month payment to Citifinancial in Section IV.C.3.b. However, based on debtor's testimony, Citifinancial was the mortgage servicer for debtor's residence prior to Bayview Financial, and Citifinancial was erroneously listed in Section IV.C.3.b. The debtor needs to amend the plan to remove the Citifinancial debt from Section IV.C.3.b. of the plan. 9) The debtor's plan fails to provide a description for the collateral financed through Wells Fargo Dealer Services. The debtor simply lists "Automobile" under the collateral section, which is insufficient. The debtor needs to amend the plan to provide a description of the financed automobile. 10) The debtor needs to address the Trustee's Objection to Exemptions (ECF No. 13). 11) The debtor's plan provides for a liquidation value of $0.00 in Section IX. The debtor needs to file an amended Schedule C in order for the Trustee to accurately determine whether the debtor's liquidation value of $0.00 is accurate. 12) The debtor needs to amend Schedule J to remove the following expenses: $1,256.00/month mortgage; $383.00/month real estate estates; and 3) $447.00/month vehicle payment. The

TRUSTEE'S OBJECTION TO CONFIRMATION - 1

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

Case 18-12178-CMA    Doc 16    Filed 08/03/18    Ent. 08/03/18 15:53:56    Pg. 2 of 3

debtor needs to remove these expenses from Schedule J, as these expenses are being paid through the debtor's Chapter 13 plan.   13) The debtor needs to amend Statement of Financial Affairs, No. 5, to disclose income received for 2016, 2017 and 2018 (year to date).   The Trustee reserves the right to assert additional bases for this Objection.

THE TRUSTEE REQUESTS:

That the Court enter an order denying confirmation of the debtor's plan, and setting deadlines for filing and noting a feasible amended plan.

Dated: August 03, 2018

/s/ K. Michael Fitzgerald
K. Michael Fitzgerald, WSBA #8115
Chapter 13 Trustee

CM161
ams

TRUSTEE'S OBJECTION TO CONFIRMATION - 2

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

Case 18-12178-CMA    Doc 16    Filed 08/03/18    Ent. 08/03/18 15:53:56    Pg. 3 of 3